UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS LEE RAWLS, | No. 07-56455 |
| Petitioner - Appellant, | D.C. No. CV-03-00724-MMM(AN) |
| v. | Central District of California, Riverside |
| MELVIN HUNTER, | |
| Respondent - Appellee. | ORDER |

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

The petition for rehearing is granted. The memorandum disposition filed on December 21, 2009 is withdrawn. A superseding memorandum disposition will be filed concurrently with this order.

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS LEE RAWLS, | No. 07-56455 |
| Petitioner - Appellant, | D.C. No. CV-03-00724-MMM(AN) |
| v. | |
| MELVIN HUNTER, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted December 11, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Marcus Lee Rawls appeals the district court's denial of his petition for a writ

of habeas corpus. We affirm in part, reverse in part, and remand for an evidentiary

hearing.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I.

We first address the question of mootness. Rawls has completed serving the term of commitment that he challenges in this petition and has since been recommitted several times.

We have previously held that under some circumstances a subsequent re-commitment under the Sexually Violent Predator Act (SVPA) does not render moot a petition for habeas corpus. *Hubbart v. Knapp*, 379 F.3d 773 (9th Cir. 2004). In *Hubbart*, the state claimed that relief from Hubbart's original term would be "meaningless and his case [was] therefore moot." *Id.* at 777. However, we held that the petition was not moot because it was capable of repetition but evading review. *Id.* at 777. The test for this "well-established exception to mootness," *id.*, is whether "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal quotation marks omitted) (alterations in original).

As to the first factor, we previously held that a two-year commitment under the SVPA is "too short to be *fully litigated* prior to . . . [its] expiration." *Hubbart*, 379 F.3d at 778 (emphasis and alterations in original). In fact, it is "almost certain

that a state detainee under California's civil commitment scheme for sexually violent predators will be unable to exhaust state remedies and fully litigate a habeas petition in federal courts within two years." *Id.* (internal quotation marks omitted). It is irrelevant that the California courts have already ruled on Rawls's claims because "for purposes of determining mootness in connection with California's repeating pattern of two-year commitments under the SVPA, a federal constitutional claim evades review if the challenged action expires before a *federal appellate court* has the opportunity to fully consider the allegation." *Id.* (emphasis added). While Rawls filed his initial habeas petition in 2003, he has not reached a federal appellate court until now, long after his two year term expired. Thus, if we were to find this claim moot, each of his subsequent commitments would also evade review.

Now turning to the second factor, we find that Rawls's claim is capable of repetition because there is a reasonable expectation that Rawls could be subject to the same action again. As the language of the exception states, the question is whether the controversy is "*capable of repetition* and not . . . whether the claimant

has demonstrated that a recurrence of the dispute was more probable than not."

*Honig v. Doe*, 484 U.S. 305, 319 n.6 (1988) (emphasis added).[1]

The principle that a defendant may not be unnecessarily placed in physical restraints during trial was clearly established Supreme Court precedent at the time of the commitment hearing that Rawls challenges on this appeal. *See Gonzalez v. Pliler*, 341 F.3d 897, 904-05 (9th Cir. 2003) (finding that this principle dated back to *Illinois v. Allen*, 397 U.S. 337 (1970)). And yet, Rawls was subjected to the shackling. It is reasonable to believe that a California trial court could subject him to the same treatment again, despite the fact that to do so would again be contrary to existing Supreme Court precedent.

Several factors support a reasonable expectation that Rawls's shackling experience could be repeated. First, in *Deck v. Missouri*, 544 U.S. 622, 629 (2005), the Supreme Court held that trial judges have "discretion" to restrain defendants based on case-by-case factors, including "potential security problems" specific to a particular trial; yet most trial judges have either no or little experience with commitment proceedings on which to base such judgments. Second, SVPA commitment proceedings ordinarily take place in civil courtrooms, which may not

---

[1]Rawls has had subsequent commitment hearings and does not allege that he was shackled at those hearings. But, that is not dispositive of this issue. The question is whether the action is capable of repetition. We find that it is.

have the high degree of security typical of criminal courtrooms. Third, defendants like Rawls who are subject to commitment and re-commitment under the SVPA, and may well receive a number of hearings during their lifetime, are accused of being likely to engage in violent criminal behavior. Rawls' 2001 proceeding illustrates these points. The judge presiding over his 2001 hearing found the security situation at the "historic" civil courthouse to be sufficient grounds for shackling, but the Court of Appeal held that to be an error, albeit harmless. There is reason, therefore, to believe that a state court judge could some day decide in good faith to shackle this particular defendant when he returns for an SVPA hearing. Because Rawls's claim is capable of repetition but evading review, it is not moot.

II.

Rawls argues that the Court of Appeal's harmless error analysis was erroneous because the court failed to apply the *Chapman* harmless error standard. *See Chapman v. California*, 386 U.S. 18 (1967). However, there is no clearly established Supreme Court precedent holding that the *Chapman* harmless error standard applies to constitutional errors in civil commitment proceedings. Accordingly, the state court's failure to apply *Chapman* was not an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. 2254(d)(1).

III.

Rawls next argues that the Court of Appeal came to an unreasonable determination of the facts when it found that the jury only briefly "glimps[ed]" him in shackles. We agree. It is uncontested that Rawls was fully shackled in ankle bracelets, waist chains, and handcuffs for the first four days of his five-day commitment proceeding. "The state court's determination that the jury could not have seen the shackles during trial was unreasonable in the absence of any inquiry to establish the facts concerning what the jury could see." *Dyas v. Poole*, 317 F.3d 934, 936-37 (9th Cir. 2003). "When we determine that the state court fact-finding is unreasonable . . . we have an obligation to set those findings aside and, if necessary, make new findings." *Taylor v. Maddox*, 366 F.3d 992, 1008 (9th Cir. 2004). Here, new factual findings are necessary to determine what the jury saw. Accordingly, we remand to the district court for an evidentiary hearing. *See id.* (holding that if new evidence must be taken before new factual findings can be

made, we must remand to the district court to hold an evidentiary hearing and make findings in the first instance).[2]

IV.

Rawls also challenges the Court of Appeal's conclusion that the limitations the trial court placed on his cross-examination of the state's expert witness did not violate Due Process. The trial court refused to permit Rawls to cross-examine the state's expert about her reliance on a penile plethysmograph (PPG) test. The Court of Appeal concluded that this limitation did not violate Due Process because the expert's reliance on the PPG test was a "minor" or "subsidiary" point. Rawls argues that this was an unreasonable determination of the facts. We disagree. The Court of Appeal's determination is not unreasonable in light of the expert's testimony that her opinion would not have been different absent the PPG results and that the test merely corroborated other information on which she had relied.

---

[2] If the district court determines that Rawls's shackling at the 2001 hearing was unconstitutional and that the writ should issue, it should then further examine whether Rawls's subsequent re-commitment hearings relied on factual findings from the 2001 hearing. *See Carty v. Nelson*, 426 F.3d 1064, 1071-72 (9th Cir. 2005) (noting that if the initial SVPA commitment hearing were to be found unconstitutional, re-commitment hearings that relied on factual findings from the initial hearing would also be unconstitutional). If those re-commitment hearings did rely on factual findings from the 2001 hearing, then Rawls would be entitled to a new untainted commitment hearing with shackling used only if necessary.

Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part and REMANDED.